IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN LEE ZIOGAS,** | |
| Plaintiff, | |
| v. | Case No. 23-cv-756-MAB |
| **ANTHONY WILLS, JANE DOE NURSE #2, JOHN DOE #3, JOHN DOE #5, and ZECHIRIAH PERROQUET,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Benjamin Lee Ziogas, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the Court on Ziogas's motion for sanctions (Doc. 85), motion to strike (Doc. 85), and motion for status (Doc. 88). Defendant Anthony Wills has filed responses (Docs. 89, 90) to the motions.

Ziogas was allowed to proceed in this case on a single count against three John Doe Correctional Officers (John Doe #3, John Doe #5, and John Doe #6) and Jane Doe Nurse #2 for their alleged failure to obtain Ziogas medical care for a ruptured ulcer (Doc. 40). Warden Anthony Wills was added to the case to respond to discovery aimed at identifying the unknown defendants (*Id.*). After extensive discovery, John Doe #6 was

1

identified as Zechiriah Perroquet (Docs. 67, 68). The remaining defendants remained unidentified and the parties continued to participate in discovery to identify them.

### A. Motion for Sanctions and Motion to Strike

On October 16, 2024, Ziogas filed a motion for sanctions arguing that Defendant Wills failed to meet the deadline for complying with discovery for the remaining John/Jane Does (Doc. 85). Ziogas argued that Defendant missed a deadline to present photos of employees for the remaining John Does. Ziogas also noted that Defendant Wills narrowed down the identity of the Jane Doe Nurse to two individuals who were working that day, but Wills noted that he did not have access to photographs of the nurses because they were not employed by IDOC. Ziogas argued that Defendant Wills was stalling, and he was improperly concealing the identities of the remaining defendants. Ziogas sought monetary sanctions for Defendant's actions. Along with his motion for sanctions, Ziogas also filed a motion to strike Defendant Perroquet's Answer, arguing that the Answer lacked a factual basis and standing. Ziogas argued that Perroquet failed to conduct a proper inquiry into Ziogas's claims before responding. (Doc. 86).

But Ziogas fails to demonstrate that he is entitled to sanctions and fails to demonstrate that Perroquet's Answer should be stricken. Anthony Wills has complied with all discovery requirements and deadlines. Although Ziogas alleges that he did not receive the photographs of staff by October 4, 2024, Wills was only required to file an update with the Court on the status of discovery by October 4, 2024. Wills complied with that deadline, filing his status report on October 4, 2024 (Doc. 82). Wills noted that counsel had the pictures of IDOC employees in his possession and had scheduled a meeting with

Ziogas for October 16, 2024. Ziogas later acknowledged meeting with counsel on October 16, 2024. Pictures were provided and reviewed, and the parties confirmed that John Doe #3 was Officer Quertermous (Doc. 87, Doc. 88, p. 1). Ziogas was unable to identify John Doe #5 from the pictures provided. Despite Ziogas being unable to identify John Doe #5, Defendant Wills complied with all discovery requirements and went above and beyond those requirements by providing Ziogas with photographs of employees for his review. Nothing in the record indicates that Wills or counsel have, at any time, sought to conceal the identities of potential defendants from Ziogas. Thus, his request for sanctions is **DENIED**.

To the extent that Wills was unable to provide Ziogas with pictures of the nurses at the prison, both sides acknowledge that the nurses are not employed by IDOC nor does IDOC maintain pictures of the employees of its healthcare provider.

Finally, to the extent that Ziogas takes issue with Perroquet's Answer, Ziogas fails to offer any basis to strike the Answer. Federal Rule of Civil Procedure 12(f) allows a responsive pleading to be stricken for an "insufficient defense" or if the pleading contains "any redundant, immaterial, impertinent, or scandalous matter." But Perroquet's Answer meets the requirements of the Court's March 11, 2024 Order which required defendants to respond to the issues raised in the merit review order (Doc. 40, p. 12). Further, Ziogas fails to demonstrate that the Answer is not supported by facts as alleged in his motion. Thus, his motion to strike (Doc. 86) is **DENIED**.

B.  **Motion for Status and Discovery**

In addition to Ziogas's motion for sanctions regarding the status of John/Jane Doe

discovery, Ziogas filed another motion related to the discovery in this case. In his motion for status, scheduling order, motion for forensic medical specialist, and copies (Doc. 88), Ziogas noted that he did not have access to his property and only had the last names for the potential identity of the Jane Doe Nurse. Ziogas requested additional time to identify the Jane Doe Nurse as well as a Court Order to the Department of Motor Vehicles for photographs of the nurses. Ziogas further confirmed the identity of John Doe #3 as Quertermous but noted that he was unable to identify John Doe #5 from the photographs provided to him. Ziogas requested that the Court order Anthony Wills to interview Perroquet and another correctional officer, Matt Major, about the possible identity of John Doe #5. In addition to Ziogas's requests regarding John Doe discovery, Ziogas requested the appointment of a forensic medical specialist to review Ziogas's medical records.

As to Ziogas's requests regarding the Jane Doe Nurse, his request is **DENIED**. Wills has already informed Ziogas and the Court that the nurses were not employed by IDOC and the prison does not have access to photographs of the medical staff. Wills has provided Ziogas with all of the information in his possession and control. To the extent that Ziogas asks for a Court Order directed at the Illinois Department of Motor Vehicles, that department is not a party to this case, nor will the Court issue a subpoena for the driver's licenses of individuals who may or may not be defendants in this case.

To the extent Ziogas asks that Wills be ordered to conduct interviews about the possible identity of John Doe #5, that request is also denied. Wills notes in his response that he has already spoken to staff about the possible identity of John Doe #5 and was unable to locate an individual matching that specific description (Doc. 90, p. 3). Further,

4

Wills provided Ziogas with pictures of all possible staff from that shift and location and Ziogas was unable to identify John Doe #5 from those photographs. Wills argues that any additional questioning, as well as Ziogas's request for color photographs of employees, is redundant and not likely to lead to discoverable evidence. Wills has made ample efforts to provide Ziogas with discovery that might lead to the identification of John Doe #5. Ziogas has been unable to identify the remaining John Doe. The Court finds that Ziogas's additional requests would not result in any additional helpful information. The request for additional discovery is **DENIED**.

Finally, to the extent that Ziogas asks for a forensic medical specialist to review his medical records and case, that request is **DENIED**. The Court has not yet entered a discovery schedule in this case. Further, once all defendants have entered their appearances and filed Answers, the Court will enter an initial discovery schedule and discovery will be limited to the issue of whether Ziogas exhausted his administrative remedies. His current request focuses on the merits of his claims. The Court finds the request premature.

### C. Remaining John/Jane Does

At this time, John Doe #6 and Jane Doe Nurse #2 remain unidentified. Ziogas has the identity of two individuals who could be the Jane Doe Nurse. He may choose to substitute these individuals for the Jane Doe Nurse. The Court finds that no further discovery would provide Ziogas with any additional information that would lead to the identity of Jane Doe Nurse #2 and John Doe #6. Thus, Ziogas has until **January 10, 2025** to file a motion to substitute a named defendant for the remaining unknown John/Jane

Does. Failure to file a motion to substitute will result in the dismissal of the remaining unknown defendants. Officer Quertermous is **SUBSTITUTED** in place of John Doe #3 and the Clerk of Court is **DIRECTED** to **SERVE** Quertermous in accordance with the Court's merit review order (Doc. 40).

**IT IS SO ORDERED.**

**DATED: December 19, 2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**