**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BENJAMIN LEE ZIOGAS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SETH QUERTERMOUS, ZECHIRIAH PERROQUET, MICHELLE CARBAUGH, AUSTIN HARRIS, and WEXFORD HEALTH SOURCES, INC.,**<br><br>**Defendants.** | **Case No. 23-cv-756-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Benjamiin Lee Ziogas, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1984 for deprivations of his constitutional rights while incarcerated at Menard Correctional Center. On November 13, 2025, Ziogas was granted leave to amend his pleading, adding additional defendants and claims, including an Eighth Amendment deliberate indifference claim against Correctional Officer Harris (Doc. 161, p. 16). Waivers of service were sent to Harris but never returned (Docs. 163, 164). Summons was issued to Harris, and the record reflects that Defendant Austin Harris was personally served on March 16, 2026 (Docs. 191, 192, 193). Harris failed to file a timely Answer.

On April 17, 2026, Ziogas moved for an entry of default against Harris (Doc. 195). On June 15, 2026, the motion was granted, and an Entry of Default was entered on June 16, 2026 (Docs. 198, 199). On June 22, 2026, Ziogas moved for default judgment against

Harris (Doc. 200). He also sought the appointment of a medical expert to determine punitive damages (Doc. 201).

On September 9, 2026, Austin Harris filed his motion to set aside default (Doc. 214). Counsel for Harris indicated that he had been in the process of contacting Harris given that he had previously ended his working relationship with the Illinois Department of Corrections. He ultimately was able to contact Harris and inform him of the entry of default and pending default judgment (*Id.* at p. 2). Immediately after Harris was made aware of the entry of default, he completed the necessary paperwork to obtain representation by the Illinois Attorney General's Office. Harris requested that the entry of default be set aside and he be allowed to file a responsive pleading which he attached to his motion. Ziogas has filed a response (Doc. 218) in opposition to the motion. He argues that Harris has failed to show good cause for his delay in filing an Answer.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it[,] and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment but is applied more liberally. *Cracco*, 559 F.3d at 631.

Here, Harris has shown good cause for his default. He was not aware of the entry of default against him as he no longer worked for the Illinois Department of Corrections and was not in touch with the Illinois Attorney General's Office. He was also not aware

of the process for requesting representation from the Attorney General's Office. There is also no indication that Harris would have been aware of the pending motion for default judgment filed by Ziogas, as Ziogas did not have Harris's address to send the motion to him, nor does the docket reflect that the motion was sent to Harris. Harris also acted quickly to resolve the default. Although the default was entered in June 2026, Harris was not aware of the default, but as soon as he was located and learned of the default, he completed the necessary paperwork to obtain representation by the Attorney General. Harris also notes that he has a meritorious defense as indicated in his proposed Answer (Doc. 214-1).

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Austin Harris has met the requirements of Rule 55(c) and **GRANTS** his motion to vacate (Doc. 214). The entry of default entered on June 16, 2026 (Doc. 199) is **VACATED**. Harris is **DIRECTED** to file the proposed Answer (Doc. 214-1) by **September 28, 2026**. Ziogas's motion for default judgment (Doc. 200) and motion for expert (Doc. 201) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: September 21, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**